UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE MARTINEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>L. ZAVALA,<br><br>    Defendant. | Case No. 22-cv-04707-JSC<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT; STAYING AND REFERRING CASE TO PRISONER MEDIATION PROGRAM**<br><br>Re: Dkt. No. 29 |

**INTRODUCTION**

Plaintiff, a California prisoner proceeding without attorney representation, filed this civil rights complaint under 42 U.S.C. § 1983. Plaintiff claims Defendant L. Zavala, a correctional officer at Salinas Valley State Prison ("SVSP"), injured Plaintiff's hand by closing a door as Plaintiff was passing through the doorway. Defendant filed a motion for summary judgment (ECF No. 29), Plaintiff filed an opposition (ECF No. 32), and Defendant replied (ECF No. 32). Plaintiff amended his opposition, and Defendant filed a supplemental reply, both of which the Court permitted. (ECF Nos. 35, 36, 40.) For the reasons discussed below, the motion for summary judgment is DENIED, and this case is referred to the Prisoner Mediation Program and stayed until the mediation proceedings are complete.

**BACKGROUND**

The following facts are not in dispute, unless otherwise noted.[1]

---

[1] Plaintiff presents his evidence in his verified complaint and his declaration attached to his motion to amend his opposition. (ECF Nos. 1, 34.) Defendant submits his declaration and that of another SVSP staff member, a transcript of Plaintiff's video deposition, and a number of photographs of the area where the incident took place. (ECF Nos. 29-1, 29-2, 29-3, 30.) Defendant objects generally to Plaintiff's declaration on the grounds it "contains argument and unsupported conclusory speculation that is not based on Plaintiff's personal knowledge." (ECF No. 40 at 3:3-4.) The Court only considers those portions of Plaintiff's verified complaint and declaration that set forth facts within his personal knowledge. *See* Fed. R. Civ. P. 56(c)(4). The specific

On or about July 15, 2020,[2] Plaintiff was housed in the "B pod" of Building 5, Facility D, at SVSP. (ECF Nos. 1 at ¶ 6; 29-1 at ¶ 9.) At approximately 3:30 p.m. that day, Defendant was the control booth operator for B pod, and he called out inmates who needed to retrieve medication. (ECF No. 29-1 at ¶ 17.) Plaintiff went in his wheelchair from the B pod dayroom to the pharmacy window, which was in a rotunda just outside of the pod, to get an insulin shot for his diabetes. (ECF No. 1 at ¶ 6; 29-1 at ¶¶ 7-9, Ex. D; 29-5 at 29:25-30:4.) To do so, he had to go through the main doorway for B pod. (ECF No. 1 at 6.) Defendant controlled the opening and closing of this door from the control booth situated directly above the doorway. (*Id.*; ECF No. 29-1 at ¶¶ 4, 6, 8, Ex. C.)

According to Plaintiff, while he was still in the doorway on the way back to B pod after receiving his shot, Defendant shut the door, "slamming" Plaintiff's hand between the door and the metal bar wrapped around the wheels of his wheelchair. (ECF Nos. 1 at ¶ 6; 30 at 30:5-16.) He "screamed" to Defendant to open the door "repeatedly," but Defendant "laughed at him" and "kept the door shut[] with the plaintiff's hand stuck in it[], while directing obscene jokes with [sic] the floor officer." ( Dkt. No. 1 at ¶¶ 7, 12, 13.) Plaintiff states the floor officer, Officer A. Martinez,[3] witnessed the incident and "yelled up to" Defendant to open the door, which Defendant did. (*Id.* at ¶ 7.) Another inmate, Morales, also witnessed the incident (*id.*), but no declaration or other sworn statement by him has been submitted. Plaintiff's hand was in "severe pain, swollen, and numb," and he was seen by medical staff who noted the "redness, swelling, and bruising" on his hand. (*Id.* at ¶¶ 7, 9.) Plaintiff states Defendant had a "history" prior to this incident of making "negative remarks each time he and I would ever cross paths." (ECF No. 34 at ¶¶ 2-3.)

Defendant presents a conflicting account. According to Defendant, he saw[4] Plaintiff

---

objections by Defendant (*see* ECF No. 40 at 3-4) are to statements in the declaration not relied upon for the Court's analysis.

[2] There is some uncertainty over whether the incident took place on July 15 or 18, 2020. (ECF No. 30 at 23:23; *see* ECF Nos. 1 at ¶ 6; 29-1 at 4:7; 29-2 at 2:4; 32 at ¶ 5). This dispute is immaterial as there are no timeliness issues, there are not multiple incidents between the parties, and there is no dispute the incident took place. The Court accepts Defendant's representation his identifying the year as "2023" in his motion was a typo. (ECF No. 33 at 3:24.)

[3] Martinez is not a defendant and has no apparent relationship to Plaintiff.

[4] There is a dispute as to whether the doorway and the control panel, where Defendant stood, were directly visible to each other, but there is no dispute they were visible via a convex mirror on the

1  "clear" the door before pushing the button to close it.  (ECF No. 29-1 ¶ 20.)  "Within seconds"
2  Defendant heard "some officer yell something," including the word "door," and he pushed the
3  open button.  (*Id.*)  He "simultaneously" looked in the convex mirror but did not see Plaintiff stuck
4  in the doorway.  (*Id.* at ¶¶ 21, 24)  He did not intentionally close the door on Plaintiff, laugh about
5  the incident, or exchange any words with Plaintiff until after Plaintiff had been seen by medical
6  staff, at which time he told Plaintiff he did not intentionally shut the door on him.  (*Id.* at ¶ 23, 24.)

According to Officer Martinez, the door was not "fully open," which caused Plaintiff "difficulty" getting through it.  (ECF No. 29-2 at ¶¶ 7, 8.)  Officer Martinez states, "The B pod door closed slightly catching Plaintiff Martinez in the doorway. The door then immediately opened. As I recall, Plaintiff Martinez did say something along the lines of 'ouch' or 'ow' when this happened."  (ECF No. 29-2 at 2:15-17.)  Martinez states neither he nor Plaintiff said anything to Defendant.  (*Id.* at ¶ 13.)  He and Defendant did not see any injuries on Plaintiff's hand.  (*Id.* at ¶ 12; ECF No. 29-1 at ¶ 25.)

**DISCUSSION**

I.     Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).  When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing there is a genuine issue for trial.

---

ceiling of the pod in front of the control booth.  (ECF Nos. 29-1 at ¶¶ 12-13, Exs. F, G, H; 34 at 7:14-16.)

3

1    *Id.* If the nonmoving party fails to produce enough evidence to show a genuine issue of material
2    fact, the moving party wins. *Id.*

3    At summary judgment, the judge must view the evidence in the light most favorable to the
4    nonmoving party. *Tolan v. Cotton*, 570 U.S. 650, 656-57 (2014). If more than one reasonable
5    inference can be drawn from undisputed facts, the trial court must credit the inference in favor of
6    the nonmoving party. *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

## II. Analysis

Plaintiff claims Defendant violated his Eighth Amendment rights by shutting the door to the B pod dayroom while he was passing through the doorway, injuring his hand and causing him pain. "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted). What is required to establish an unnecessary and wanton infliction of pain varies according to the nature of the alleged constitutional violation. *Id.* at 320. The failure of prison officials to protect inmates from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the first prong, a deprivation is sufficiently serious when the prison official's act or omission resulted in "an infliction of pain or a deprivation of the basic human needs." *Anderson v. County of Kern*, 45 F.3d 1310, 1312-13 (9th Cir. 1995) (citing *Farmer*, 511 U.S. at 837). Under the second prong, a prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn a substantial risk of serious harm exists, and he must also draw the inference. *Id.* However, an Eighth Amendment claimant need not show a prison official acted or failed to act believing harm actually would befall an inmate; it is enough to show the official acted or failed to act despite his

4

knowledge of a substantial risk of serious harm. *Id.* at 842. This is a question of fact. *Id.*

Defendant does not dispute (*see* ECF No. 29 at 9-10) there is a triable issue regarding whether Plaintiff suffered a sufficiently serious deprivation under the objective prong of the Eighth Amendment claim. In deciding Defendant's summary judgment motion, the Court must accept as true Plaintiff's sworn statements that his hand was caught between the door and metal bar on his wheelchair, injuring his hand and causing him pain. This testimony is also corroborated by Officer Martinez stating he saw the door close on Plaintiff and heard Plaintiff cry out in pain. If true, this was an "infliction of pain," *Whitley*, 475 U.S. at 319, that amounted to a deprivation sufficiently serious to meet the objective prong of the Eighth Amendment claim.

A reasonable fact-finder could also find, based upon the evidence presented, Defendant acted with deliberate indifference such that the subjective prong of the Eighth Amendment test is also met. Defendant argues Plaintiff has not created a triable issue that Defendant knew there was a substantial risk of harm because he did not know Plaintiff was in the doorway when he closed the door. Defendant states in his declaration when he closed the door, he "was able to see Plaintiff clear the B pod door[way]." (ECF No. 29-1 at 20:2 (emphasis added).) However, Plaintiff and Officer Martinez make sworn statements Plaintiff was in fact in the doorway when Defendant closed it. (ECF Nos. 1 at ¶ 6; 29-2 at 2:15-17; 30 at 30:5-16.) A reasonable fact-finder could credit Plaintiff and Officer Martinez on this issue and find Plaintiff was in the doorway when Defendant closed it. A reasonable fact-finder could further determine Defendant *knew* Plaintiff was in the doorway when he closed it. First, there is undisputed evidence Defendant could see the doorway via the convex mirror. Second, Plaintiff submits sworn statements after the door struck him, Defendant laughed, kept the door shut and made obscene remarks. And third, Plaintiff also submits sworn testimony Defendant had a history of making negative remarks to Plaintiff prior to this incident. This evidence support a reasonable inference Defendant either intentionally closed the door on Plaintiff or knowingly disregarded a substantial risk of harm to Plaintiff when he did so. Therefore, there is a triable issue as to whether Defendant was deliberately indifferent to an excessive risk to Plaintiff's safety.

Defendant argues "the undisputed facts show" after he closed the door, he opened it "right

away." (ECF No. 29 at 9:16-17.) This evidence is not undisputed; Plaintiff states in his verified complaint after Defendant shut the door on his hand, Defendant "kept it shut." (ECF No. 1 at 3:25.) Moreover, even if Defendant immediately reopened the door, a reasonable fact-finder could nonetheless determine that when he closed the door, he did so deliberately, even if he quickly reversed course.

Defendant also argues Plaintiff's statements in his deposition Defendant "thought" Plaintiff was not in the doorway, Defendant made a "mistake," and Defendant committed an "accident," establishes there is no triable issue as to whether Defendant acted deliberately. (ECF No. 29 at 7-8 (citing ECF No. 30).) Defendant makes a similar argument based upon Plaintiff's assertions in his opposition Defendant acted with "negligence" and "callous disregard." (ECF No. 33 at 5 (citing ECF No. 32 at ¶ 4).) Plaintiff's statements about Defendant's state of mind are not within his personal knowledge and therefore not admissible under Rule 602 of the Federal Rules of Evidence, as Defendant elsewhere acknowledges in his objections to Plaintiff's other statements about Defendant's state of mind. (*See* ECF No. 40 at 3:11-12.) Moreover, Plaintiff's statements that Defendant's actions were accidental or negligent are legal conclusions that can no more be considered evidence than Plaintiff's other assertions that Defendant's actions were "intentional," "willful," and "wanton." (*See*, *e.g.*, ECF Nos. 1 at ¶ 24; 34 at ¶ 2.) Plaintiff indicates, moreover, his misstatements in his deposition that Defendant's actions were an accident were caused by his limited command of English and being a first-time and unrepresented deponent. (ECF No. 34 ¶¶ 4, 8.) The Court is aware of no authority, and Defendant cites none, providing the Court's summary judgment analysis is controlled by an party's inadvertent or conclusory legal statements, especially where the party is unrepresented and the statements are against his own interests.

*      *      *

The evidence presented creates triable factual questions as to whether Defendant was deliberately indifferent to an excessive risk to Plaintiff's safety by closing the door on him, which inflicted unnecessary pain and injured Plaintiff's hand. Therefore, Defendant is not entitled to summary judgment on Plaintiff's Eighth Amendment claim.

**CONCLUSION**

1  For the foregoing reasons, Defendants' motion for summary judgment is DENIED.

2  As summary judgment has been denied, the Court finds good cause to REFER this case to Magistrate Judge Illman pursuant to the Pro Se Prisoner Mediation Program. All further proceedings in this case are STAYED until further order, with the exception of any proceedings related to the mediation. The mediation proceedings shall take place within 120 days of the date this order is entered. Magistrate Judge Illman shall coordinate a time and date for a mediation proceeding with all interested parties or their representatives and, within five days after the conclusion of the mediation proceedings, file a report. All mediation proceedings shall be confidential, and no statement made therein will be admissible in any proceedings in this case, unless the parties otherwise agree. No part of the mediation proceeding shall be reported, or otherwise recorded, without the consent of the parties, except for any memorialization of a settlement.

The Clerk shall send a copy of this order to Magistrate Judge Illman.

This Order disposes of Docket No. 29.

**IT IS SO ORDERED.**

Dated: March 7, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge