| | |
|---|---|
| 1 | KILPATRICK TOWNSEND & STOCKTON LLP |
| 2 | STEVEN D. MOORE (State Bar No. 290875) |
|   | smoore@kilpatricktownsend.com |
| 3 | CAROLINE E. WIPPMAN (State Bar No. 355624) |
|   | cwippman@ktslaw.com |
| 4 | Two Embarcadero Center, Suite 1900 |
|   | San Francisco, CA 94111 |
| 5 | Telephone: 415 576 0200 |
|   | Facsimile: 415 576 0300 |
| 6 | MATTHEW J. MEYER (SBN 284578) |
|   | mmeyer@kilpatricktownsend.com |
| 7 | GRANT WANDERSCHEID (State Bar No. 346728) |
|   | gwanderscheid@ktslaw.com |
| 8 | 1302 El Camino Real, Suite 175 |
|   | Menlo Park, CA 94025 |
| 9 | Telephone: 650-326-2400 |
|   | Facsimile: 650-326-2422 |

*Attorneys for Plaintiff ENRIQUE MARTINEZ*

Rob Bonta
Attorney General of California
Jay M. Goldman
Supervising Deputy Attorney General
Casey D. Trang
Deputy Attorney General
Michael J. Quinn (State Bar No. 209542)
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3611
Facsimile: (415) 703-5843
E-mail: Michael.Quinn@doj.ca.gov

*Attorneys for Defendants Zavala and Arce*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ENRIQUE MARTINEZ, | Civil Action No. 3:22-cv-04707-JSC |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | Date: April 2, 2025 |
| E. ZAVALA, | Time: 2:00 p.m. via Zoom |
|  | Ctrm: 8, 19th Floor |
| Defendant. | Judge: The Hon. Jacquline Scott Corley |
|  | Complaint Filed: August 17, 2022 |
|  | Trial Date: October 6, 2025 |

Pursuant to the Civil Local Rules of the Northern District of California, the Standing Order for All Judges of the Northern District of California re Contents of Joint Case Management Statement, and this Court's standing orders, Plaintiff Enrique Martinez ("Plaintiff" or "Mr. Martinez") and Defendants E. Zavala and C. Arce ("Defendants") submit this updated joint case management statement setting forth their respective positions regarding the management of this case through resolution.

1. Jurisdiction and Service: *The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

Mr. Martinez seeks relief under 42 U.S.C. § 1983 for alleged violations of his rights under the United States Constitution. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

Officer Zavala is being sued in his personal capacity, and he is subject to this Court's personal jurisdiction because he lives and works in California. Carlos Arce is the current warden of Salinas Valley State Prison and is sued in his official capacity for a claim of injunctive relief only, and he is subject to this Court's personal jurisdiction because he lives and works in California.

The events at issue took place at Salinas Valley State Prison (SVSP), in Soledad, California, while Mr. Martinez was incarcerated there. Venue is therefore proper in this Court. See 28 U.S.C. § 1391(b).

Service is complete on Officer Zavala and Mr. Arce. Plaintiff named additional defendants including past and present officials at SVSP and the California Department of Corrections and Rehabilitation. However, the court dismissed the claims for damages against all defendants other than Zavala. Dkt. 83. Claims against all defendants for declaratory relief, and for injunctive relief as to everyone but Arce in his official capacity, were also dismissed. *Id.* The Court stated it would consider Plaintiff's failure to exhaust administrative remedies as to Defendant Arce after a

1  trial, if there is a verdict against Arce.

2  2.    Facts: *A brief chronology of the facts and a statement of the principal factual issues in dispute.*

On or about July 15, 2020, Mr. Martinez was housed in the "B pod" of Building 5, Facility D, at SVSP. At approximately 3:30 p.m. that day, Officer Zavala was the control booth operator for B pod, and he called out inmates who needed to retrieve medication. Mr. Martinez went in his wheelchair from the B pod dayroom to the pharmacy window, which was in a rotunda just outside of the pod, to get an insulin shot for his diabetes. To do so, he had to go through the main doorway for B pod. It is alleged that Officer Zavala controlled the opening and closing of this door from the control booth.

Plaintiff alleges that after receiving his shot, Mr. Martinez was passing through the doorway to return to B pod dayroom. It is alleged that Officer Zavala shut the door from the control booth. And alleged that as the door closed, Mr. Martinez was still in the doorway. It is alleged that the door closed on him, and his right hand was caught between the closing door and the metal bar wrapped around the wheels of his wheelchair.

Underlying disputed or unknown facts, asserted by either Plaintiff or Defendants, include:

- Whether Mr. Martinez was in the doorway when Officer Zavala allegedly closed it.
- Whether Mr. Martinez could have avoided being hit by the closing door, if he in fact was hit by the door.
- The operation of the mechanism by which the door is controlled.
- The physical properties of the door, such as the force and speed with which it closes and any safety mechanisms.
- Whether it is possible for the control booth operator to simultaneously observe the doorway and properly operate the door controls, and if Officer Zavala did so.
- Training and protocols related to operating the door, including but not limited to the proper procedure for ensuring the doorway is clear.
- What happened after the door allegedly closed on Mr. Martinez. E.g., the interactions,

if any, between Mr. Martinez and the on-duty corrections officers and the amount of time it took for the door to be opened.

- The extent of the alleged physical injury, if any, to Mr. Martinez.
- The prior history, if any, between Mr. Martinez and Officer Zavala.
- The policies and procedures, if any, that Plaintiff alleges caused the incident, if it did occur.
- Whether Plaintiff exhausted his administrative remedies as to his claims against Defendant Arce.

Higher order or ultimate questions of fact include:

- Whether the pain and injury allegedly suffered by Mr. Martinez, if any, was inflicted by Officer Zavala with culpable intent such as deliberate indifference – did Officer Zavala know of a substantial risk to Mr. Martinez, either from the alleged initial closing of the door and from Plaintiff's assertion of an ongoing failure to re-open it, and nonetheless close the door or delay in opening it.
- Whether Officer Zavala is entitled to qualified immunity and/or judgment under Rule 50.
- The amount of compensatory and punitive damages to which Mr. Martinez is entitled, if any.
- Whether the sole claim against Defendant Arce for injunctive relief should be granted or denied.

3. Legal Issues:  *A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

The parties are not currently aware of any material legal disputes.

4. Motions:  *All prior and pending motions, their current status, and any anticipated motions.*

While representing himself *pro se*, Plaintiff Martinez filed a motion to compel discovery

on March 13, 2023. Dkt. No. 24. It was denied on March 23, 2023, for failure to include a certification of pre-filing meet and confer. Dkt. No. 25.

On August 23, 2023, Defendant Zavala filed a motion for summary judgment. Dkt. No. 29. The motion was fully briefed, and on March 7, 2024, the Court denied the motion. Dkt. No. 41. In the order, the Court referred the matter to mediation.

Another prior motion was a stipulated administrative request to reschedule the case management conference so that counsel for Mr. Martinez, appointed on July 29, 2024, could meet with their client and counsel for Mr. Zavala could consult with Mr. Zavala's prior counsel. Dkt. No. 51. The Court entered that stipulation on August 26, 2024. Dkt. No. 52.

Plaintiff filed a first amended complaint ("FAC") on October 17, 2025. Dkt. No. 61. Defendants subsequently filed a motion to dismiss Plaintiff's FAC. Dkt. No. 72. The motion was fully briefed, and on January 9, 2025, the Court granted in part and denied in part. Dkt. No. 84. The remaining defendants are Officer Zavala and

Mr. Arce only in his official capacity for purposes of alleged injunctive relief. *Id*. The two remaining Defendants subsequently filed an answer.

On February 5, 2025 (Dkt. No. 85), and again on March 24, 2025 (Dkt. No. 95), the parties filed stipulations requesting extensions to the discovery deadlines both of which were granted by the Court. *See* Dkt. Nos. 88 and 96.

On February 27, 2025, a document styled as "Plaintiff's Notice and Motion for Voluntary Dismissal, Pursuant to 41 of the Federal Rules of Civil Federal Rules and Procedure" was mailed to the Court from SVSP and received by the Court on March 13, 2025 (*see* Dkt. Nos. 91 and 91- 1). On March 17, 2025, Defendants filed their response stating they did not oppose Plaintiff's supposed motion for voluntary dismissal. Dkt. 92. On March 18, 2025, the Court issued an order explaining it would not dismiss the case but required Plaintiff's counsel to file a written status update or request for voluntary dismissal by April 4, 2025. Dkt. 93. Plaintiff's counsel is in the process of obtaining a declaration from Mr. Martinez on this issue and anticipates filing a motion to strike Dkt. No. 91 pursuant to Fed. R. Civ. P. 11 because it is a written motion not signed by

Plaintiff or Plaintiff's counsel—nor was it prepared or submitted at Plaintiff's direction.

The parties do not currently anticipate any motions other than those listed in the proposed schedule set forth below, with the exception that Defendants reserve the right to file for summary judgment, including but not limited to summary judgment based on failure to exhaust administrative remedies as to Defendant Arce. And if necessary, seek a pre-trial *Albino* evidentiary hearing on the exhaustion issue.

5. <u>Amendment of Pleadings</u>: *The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

As explained above, Plaintiff filed a FAC on October 17, 2025. Dkt. No. 61. Defendants subsequently filed a motion to dismiss Plaintiff's FAC. Dkt. No. 72. The motion was fully briefed, and on January 9, 2025, the Court granted in part and denied in part. Dkt. No. 84. The remaining defendants are Officer Zavala and Mr. Arce. *Id*. Defendants filed an Answer to the First Amended Complaint on February 5, 2025. Dkt. No. 87.

6. <u>Evidence Preservation</u>: *A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

Counsel for the parties have read and reviewed the guidelines. The parties have discussed ESI and discovery, including evidence preservation, via correspondence.

7. <u>Disclosures</u>: *Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.*

The parties have not made initial disclosures because the case was exempt from initial

disclosures under Fed. R. Civ. P. 26(a)(1)(B)(iv).

8. <u>Discovery</u>: *Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

While *pro se*, Plaintiff Martinez served a first set of requests for production and a first set of interrogatories on December 20, 2022. Officer Zavala responded on January 27, 2023. Plaintiff served a second set of requests for production to Officer Zavala on November 12, 2024, as well as a first set of requests for production to the other Defendants. Plaintiffs received the first round of produced documents on February 4, 2025. On February 21, 2025, Defense counsel served Plaintiff with interrogatories on behalf of Defendant Arce, and a set of document requests on behalf of Defendants Zavala and Arce. On March 14, 2025, Plaintiff served a first set of interrogatories and requests for production on Defendant Arce, a second set of interrogatories on Defendant Zavala, as well as deposition notices for Defendant Arce, Defendant Zavala, and four non-party witnesses Plaintiff understands work or are housed at SVSP.

Defendants will seek a second deposition of the Plaintiff as to the claims and Defendant (Arce) that were not part of this case when Plaintiff was initially deposed.

Pursuant to Dkt. 96, discovery aside from Defendants' production of medical records to Plaintiff has been stayed before the upcoming April 21 settlement conference.

The parties do not anticipate considerable e-discovery and have not entered into a stipulated e-discovery order.

**Plaintiff Martinez's Preliminary Discovery Plan**

Plaintiff plans to meet and confer with Defendants over what Plaintiff regards as insufficient responses and inappropriate objections to those discovery requests.

Plaintiff has also sought and Defendants have agreed to permit Plaintiff's counsel to inspect the control room and door. Mr. Martinez may retain one or more experts regarding

1 procedures for operating the door and regarding the injuries suffered by Mr. Maritnez.

**Defendants Zavala and Arce's Preliminary Discovery Plan**

Plaintiff was previously deposed on behalf of Defendant Zavala when Defendant Zavala was the only defendant in this case.  If any inmate-witnesses are identified by Plaintiff, Defendants will depose them.  Defendants plan to retain experts regarding the procedures for operating the door, the door's mechanics, and regarding Plaintiff's injuries and medical history.  Defendants have served written discovery on Plaintiff, and will conduct discovery regarding any amended claims, allegations, or new Defendants, to the complaint.  Defendants may seek an IME of the Plaintiff.  Defendants intend to serve written discovery, and will seek a second deposition of the Plaintiff as to the new claims against Defendant Arce, who was not a party when the Plaintiff was initially deposed.  Defendants also will likely seek an IME of the Plaintiff, and will depose any witnesses identified by the Plaintiff.

9. Class Actions:  *If a class action, a proposal for how and when the class will be certified, and whether all attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.*

This is not a class action.

10. Related Cases:  *Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

The parties are not aware of any related cases.

11. Relief:  *All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

In the Court's order on January 9, 2025, the claim for declaratory relief was dismissed.

JOINT CASE MANAGEMENT STATEMENT                                                                                        - 7 -
CASE NO. 3:22-CV-04707-JSC

1    Dkt. No. 83. Plaintiff is still seeking the following relief: Plaintiff seeks damages in an amount to
2    be determined for out-of-pocked expenses, such as having to pay others to assist him with daily
3    tasks.  This will include past and projected expenses.
4         Plaintiff seeks $100,000 for pain, suffering, and injuries.
5         Plaintiff seeks an amount to be determined in exemplary damages.
6         Plaintiff seeks permanent injunctive relief to reduce the risk of recurrence.  The exact form
7    of that relief may be developed during discovery, but improved procedures, improved training, and
8    simple physical modifications to door or control mechanisms may all be reasonable and
9    appropriate.

11   12.    <u>Settlement and ADR</u>:  *Prospects for settlement, ADR efforts to date, and as specific ADR*
12          *plan for the case, including compliance with ADR L.R. 3-5 and a description of key*
13          *discovery or motions necessary to position the parties to negotiate are solution.*
14        Magistrate Judge Illman conducted a first settlement conference on May 15, 2024.  Current
15   counsel for Defendants was not present, and Plaintiff was *pro se* at the time.  Defendant Arce was
16   not a party to the case at that time.
17        Current counsel for the parties met with Judge Illman on the morning of September 19,
18   2024.  During that conference, Judge Illman provided some information about what had happened
19   at the first conference and scheduled a settlement status conference for October 15.  During the
20   October 15, 2024, conference, the parties agreed to proceed with fact discovery before engaging in
21   any settlement discussions.  Counsel for the parties further met with Judge Illman on March 18,
22   2025.  During that conference, Plaintiff's counsel stated that Plaintiff did not voluntarily dismiss
23   his case.  The parties discussed the necessity of further fact discovery and agreed to a stipulated
24   extension of fact discovery and related deadlines and a further settlement conference scheduled for
25   April 21, 2025.
26        Barriers to settlement include or may include:
27   • Full resolution of the purported motion from Mr. Martinez to voluntarily dismiss his
28

JOINT CASE MANAGEMENT STATEMENT                                                         - 8 -
CASE NO. 3:22-CV-04707-JSC

complaint (Dkt. 91).

- Production of information related to the extent of Mr. Martinez's damages and injuries.
- Production of information related to the operation and control of the door, including both technical information and operational and training information.

13. <u>Other References</u>:  *Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

The case is not suitable for reference.

14. <u>Narrowing of Issues</u>:  *Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses. The parties shall jointly identify (in bold or highlight) one to three issues which are the most consequential to the case and discuss how resolution of these issues may be expedited.*

Because of the early stage of this case, particularly with respect to discovery, the parties are not yet able to reasonable narrow the issues.  It is likely that at least some facts can be stipulated.

15. <u>Scheduling</u>:  *Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

The current schedule is set forth in Dkt. 60 as modified by Dkt. 96:

| Event | Deadline |
| --- | --- |
| Close of fact discovery | June 16, 2025 |
| Initial expert reports | June 30, 2025 |
| Dispositive motions | July 24, 2025 |
| Rebuttal expert reports | July 28, 2025 |
| Oppositions to dispositive motions | August 7, 2025 |

JOINT CASE MANAGEMENT STATEMENT                                                                                  - 9 -
CASE NO. 3:22-CV-04707-JSC

| Event | Deadline |
| --- | --- |
| Replies in support of dispositive motions | August 14, 2025 |
| Dispositive motion hearing | August 28, 2025 |
| Close of expert discovery | September 2, 2025 |
| Pretrial conference | September 25, 2025 |
| Trial | October 6, 2025 |

16. <u>Trial</u>: *Whether the case will be tried to a jury or to the court and the expected length of the trial.*

The parties believe that this case should be tried to a jury, and that up to five trial days may be necessary.

17. <u>Disclosure of Non-party Interested Entities or Persons</u>: *Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.*

Because Defendants work for a government entity, they are exempt from Local Rule 3-15.

Plaintiff Martinez has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. As of this date, Mr. Martinez is not aware of any conflict of interest (other than the named parties) to report. Mr. Martinez does not know of any of any conflict, financial or otherwise, that Judge Corley may have with the parties to the litigation. Mr. Martinez does not know of any persons, associations of persons, firms, partnerships, or corporations that have: (1) a

JOINT CASE MANAGEMENT STATEMENT                                    - 10 -
CASE NO. 3:22-CV-04707-JSC

financial interest of any kind in the subject matter in controversy or in a party to the proceeding; or (2) any other kind of interest that could be substantially affected by the outcome of the proceeding.

18. <u>Professional Conduct</u>: *Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

   All attorneys of record have reviewed the Guidelines.

19. <u>Other Matters</u>: *Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

   The parties are not currently aware of any such matters.

DATED:  March 28, 2025         Respectfully submitted,

                               KILPATRICK TOWNSEND & STOCKTON LLP


                               By: */s/ Grant Wanderscheid*
                                   STEVEN D. MOORE
                                   MATTHEW J. MEYER
                                   CAROLINE E. WIPPMAN
                                   GRANT WANDERSCHEID

                               Attorneys for Plaintiff
                               Enrique Martinez

DATED:  March 28, 2025         Respectfully submitted,


                               By: */s/ Michael Quinn*
                                   MICHAEL J. QUINN

                               Attorney for Defendants
                               Zavala and Arce

# FILER'S ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that the content of this document is acceptable to Michael Quinn, counsel for Defendants, and that I have obtained his authorization to affix his electronic signature to this document.

DATED:  March 28, 2025                    Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By: */s/ Grant Wanderscheid*
    STEVEN D. MOORE
    MATTHEW J. MEYER
    CAROLINE E. WIPPMAN
    GRANT WANDERSCHEID

Attorneys for Plaintiff
Enrique Martinez